IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| DARYL ALAN SCOTT; | ) | |
| LEE ALLEN MAYHEW; and | ) | |
| JOHN DENNIS BAILLIE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV 621-071 |
| | ) | |
| SHERIFF NOEL BROWN; | ) | |
| CAPTAIN KENNETH THOMPSON; | ) | |
| HEAD NURSE LYNN; | ) | |
| LT. PRINCE-WHITE; and | ) | |
| LT. D. MARSH, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiffs, detained at the Bulloch County Jail ("BCJ") in Statesboro, Georgia, have submitted to the Court for filing a civil complaint. Plaintiffs are proceeding *pro se* and only Plaintiff Baillie has filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) No filing fee has been paid.

**I.   Background**

Plaintiffs commenced this case by submitting a thirty-eight-page complaint, along with several attachments, to the Clerk of Court in the Southern District of Georgia. (See generally doc. no. 1.) Generally, Plaintiffs' complaint raises claims under 42 U.S.C. § 1983

against Defendants regarding medical care and living conditions at BCJ. Notably, however, each Plaintiff submitted different statements of claims, against different Defendants, and simply wrote their respective names across the top of the pages that pertain to their particular claims. (See generally id.) For example, Plaintiff Scott complains about medical care for his hernia. (See id. at 27-28.) Plaintiff Baillie complains about medical care for his Crohn's disease. (See id. at 30-31.) Plaintiff Mayhew complains about a multitude of issues concerning living conditions at the jail, including alleged problems with hygiene upkeep, access to the courts, and disciplinary proceedings. (See id. at 32-38.) All of the pages were docketed together as one complaint, against all Defendants.

## II.   Discussion

The Eleventh Circuit has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions." Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001). In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). The Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP. Id. at 1198. The Eleventh Circuit concluded "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)); see also Gandy v. Bryson, 799 F. App'x 790, 792 (11th Cir. 2020) (*per curiam*) (denying prisoner motion to intervene based on application of Hubbard reasoning

that PLRA requires each prisoner proceeding IFP pay full filing fee), *pet for cert. filed*, Daker v. Ward, No. 20-1734 (U.S. June 16, 2021).  Although only Plaintiff Baillie filed a motion to proceed IFP, the Court presumes Plaintiffs Scott and Mayhew also intend to seek permission to proceed IFP because all three Plaintiffs signed a letter explaining alleged difficulties in obtaining "copies of our account."  (Doc. no. 1, p. 44.)

Allowing multiple prisoners to bring complaints in a single lawsuit circumvents the Congressional purpose in promulgating the PLRA.  Id. at 1197-98.  That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively."  Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).  The Eleventh Circuit held "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ."  Id.  Therefore, the "district court properly dismissed the multi-plaintiff action in this instance."  Id.  However, the Court recognizes Plaintiffs are proceeding *pro se* and will therefore give them an opportunity to proceed as individual Plaintiffs in separate cases.

**III.   Conclusion**

In accordance with the procedure affirmed by the Eleventh Circuit in Hubbard, the Court **REPORTS** and **RECOMMENDS** the above-captioned case be **DISMISSED** without prejudice, and the **CLERK** be **DIRECTED** to file and docket the instant complaint in three new lawsuits, with the same filing dates and three separate case numbers.  The **CLERK** should be further **DIRECTED** to file Plaintiff Baillie's IFP motion in the new case opened in his name.  Upon opening of the three new cases, each Plaintiff should have twenty-one days to submit a new complaint detailing only their individual claims against only the Defendants allegedly involved in the actions taken with respect to each individual Plaintiff.

Plaintiffs Scott and Mayhew should also be required to submit their own motion to proceed IFP within the same twenty-one-day period.

SO REPORTED and RECOMMENDED this 21st day of September, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA